IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHRISTOPHER BROWN, #150959                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:12-cv-135-KS-MTP

RON KING, ET AL.                                                     DEFENDANTS

<u>MEMORANDUM OPINION</u>

This cause comes before this Court, *sua sponte*, for dismissal. Plaintiff Brown, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this *pro se* complaint [1] pursuant to 42 U.S.C. § 1983. The named defendants are Ron King, Superintendent; Connie Smith, Head Classification Department; and Hubert Davis, Deputy Warden.

## I. Background

According to Plaintiff, on December 9, 2011, while housed at Marion County, he received a Rules Violation Report (RVR) for possession of a cell phone. Comp. [1] at p. 4. After receiving a disciplinary hearing on December 14, 2011, he was found guilty of the charge and as punishment he lost trusty status for six months, he was placed in lockdown for 20 days and he lost phone, canteen and visitation privileges. *Id*. Plaintiff was later transferred to SMCI after serving his 20 days in lockdown. *Id*. After being housed at SMCI for four months, he was then transferred on March 19, 2012, to close custody lockdown allegedly for the same phone RVR he received in December 2011. *Id*. Plaintiff contends that he completed serving his six months without trusty status on June 9, 2012, and his continued housing in close custody lockdown is "false imprisonment." *Id*. Additionally, Plaintiff believes that since he will not earn trusty time

while housed in close custody he will actually serve an additional term of incarceration. *Id*. at p. 5. Moreover, Plaintiff complains that the phone which was available in his housing unit was removed and he is unable to "talk to my people." Compl. [1] at p. 5. As a result of being housed in close custody, which Plaintiff refers to as lockdown, and the conditions of said housing unit, Plaintiff complains that he suffering psychological problems. *Id*.

## II. Analysis

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev*., 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). As discussed below, Plaintiff fails to present a claim that rises to the level of constitutional deprivation.

### A. Due Process

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* by Order [8] entered on September 18, 2012.

2

restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (holding that an inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. Jul. 26, 2010)(determining that loss of phone and visitation privileges did not rise to a level of a constitutional deprivation); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause).

Moreover, Plaintiff's belief that he will serve an additional term of incarceration because he is not classified as trusty status is misplaced. Plaintiff does not have a right under the Constitution to receive a certain custodial classification while incarcerated. *Meacham v. Fano*, 427 U.S. 215 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification). Furthermore, the Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So. 2d 271, 274

n.2 (Miss. 2007)(citing Miss. Code Ann. § 47-5-138.1(Rev. 2004)). Therefore, trusty status is determined by the classification board of MDOC pursuant to Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), and said statutes do not create an expectation of any particular classification. *Tubwell v. Griffith*, 742 F.2d 250 (5th Cir. 1984). Additionally, Plaintiff does not have a constitutionally protected right to be housed in a particular facility while incarcerated. *Sandin v. Conner*, 515 U.S. 472, 478-79 (1995) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Therefore, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison phone, canteen, and visitation privileges, being placed in administrative segregation, having his housing assignment changed to close custody lockdown and having his custody classification changed so that he is unable to earn trusty time. Thus, he has not suffered a violation of his due process rights cognizable under 42 U.S.C. § 1983. *See Braxton v. Gusman*, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

**B. Double Jeopardy**

In liberally construing Plaintiff's allegations, this Court further finds he is attempting to assert a claim that his double jeopardy rights were violated because he is basically claiming that he received two punishments for the same disciplinary violation, specifically, being found guilty of the RVR for possession of a cell phone when he was housed at Marion County. The United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 56 (1974) and the United States Court of Appeals for the Fifth Circuit in *Harrison v. Dretke*, 68 F.3d 469 (5th Cir. Sept. 6, 1995)(not selected for publication in Federal Reporter), have held that the Double Jeopardy Clause does not apply to prison disciplinary proceedings. As such, Plaintiff has not stated a double jeopardy violation and, therefore, Plaintiff cannot maintain this claim.

4

## C. Eighth Amendment

As for Plaintiff's general conditions of confinement complaint, this Court finds that he cannot maintain such a claim in the instant civil action. The United States Supreme Court has held that conditions within a prison which can be categorized as cruel and unusual punishment are those that result in "unquestioned and serious deprivation of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347(1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992)(citations omitted). The Eight Amendment does not protect against conditions of confinement that cause mere discomfort. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Therefore, Plaintiff's claims that he is required to eat his meals in his housing unit, he is unable to purchase additional food from the commissary, he is unable to have visitors or use the phone do not establish a violation of his constitutional rights. Additionally, Plaintiff's claim of overcrowding, without more, does not give rise to unconstitutional conditions. *Morrison v. Gusman*, No. 10-217, 2010 WL 724173, at *7 (E.D. La. Feb. 22, 2010)(citing *Castillo v. Cameron Cnty.*, 238 F.3d 339, 354 (5th Cir. 2001)). Further, Plaintiff fails to allege that he has been subjected to any physical injuries because of the conditions, but simply states that he suffers emotional stress. The PLRA provides in part "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## D. Restoration of earned trusty time credits

Finally, even though Plaintiff's allegations are not entirely clear concerning the loss of earned trusty time, this Court out of an abundance of caution will address such a claim that Plaintiff may be presenting in the instant civil action. Plaintiff cannot maintain a § 1983 civil

action seeking the restoration of earned trusty time credits that may have been revoked as a result of the disciplinary hearing for possessing a cell phone because if such request is granted Plaintiff would receive an accelerated release. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) *cert. denied*, 525 U.S. 1151 (1999). Plaintiff must pursue his request for the restoration of earned trusty time credits through a petition for habeas corpus relief which requires him to exhaust his available state remedies. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(The United States Supreme Court found that habeas corpus was the exclusive remedy for a claim of restoration of good time credits because "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits" and would imply a speedier release from prison.). According to the allegations of the complaint [1], Plaintiff fails to establish that he has exhausted his available state remedies as required to pursue this matter as a habeas request.[2] *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Consequently, this complaint will not be liberally construed as a petition for habeas corpus relief.

### III. Conclusion

As stated above, Plaintiff's allegations do not rise to a level of constitutional deprivation. Therefore, the instant civil action will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), *see Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir.

---

[2]Plaintiff indicates that he presented to the MDOC's Administrative Remedy Program a claim relating to the RVR he received. *See* Compl. [1] at p.3. If Plaintiff does not receive the requested relief concerning his trusty earned time credits through MDOC's Administrative Remedy Program, there is an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administrative Remedy Program. *See* Miss. Code Ann. § 47-5-807 (1972), as amended; *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010) (inmate appealed MDOC's denial of administrative remedy regarding earned time credit).

6

2000)(determining that the dismissal by the District Court of a § 1983 suit regarding a disciplinary violation as frivolous was proper and also dismissing the appeal as frivolous), and will count as a strike pursuant to 28 U.S.C. § 1915(g).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 25th day of October, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE